UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:25-CR-00006-GNS-RSE-3

UNITED STATES OF AMERICA                                                                              PLAINTIFF

v.

TERRANCE TAYLOR                                                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion in Limine (DN 56). The motion is ripe for adjudication.

**I.      STANDARD OF REVIEW**

"A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). The purpose of a motion in limine is to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)). "It is often difficult to resolve evidentiary objections outside the context of trial, and Courts will exclude evidence on a motion in limine only when the challenged evidence is clearly inadmissible." *Lotz v. Steak N Shake, Inc.*, No. 5:19-277-DCR, 2021 WL 2270353, at *1 (E.D. Ky. June 3, 2021) (citations omitted). "Unless the evidence meets this high standard, 'rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.'" *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010) (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). Rulings on motions in limine are preliminary and based on the discretion of

the district court, which can later change its rulings. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

## II. DISCUSSION

Defendant argues that his statement "in which he inaccurately states that he delivered methamphetamine" should be excluded under Fed. R. Evid. 403 or a limiting instruction should be provided pursuant to Fed. R. Evid. 105. (Def.'s Mot. Lim. 1, 10-11, DN 56). Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Showing that evidence is unfairly prejudicial is difficult—the evidence "must be more than damaging or simply adverse" to the party seeking its exclusion. *Humana, Inc. v. Shook*, 798 F.2d 469, 1986 WL 17218, at *2 (6th Cir. 1986) (citing *Kolada v. Gen. Motors Parts Div., Gen. Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983)). The Sixth Circuit has clarified that "'[u]nfair prejudice' means the *undue* tendency to suggest a decision based on improper considerations; it 'does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence.'" *Doe v. Claibourne Cnty. By & Through Claibourne Cnty. Bd. of Educ.*, 103 F.3d 495, 515 (6th Cir. 1996) (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993)). A court enjoys broad discretion when it decides questions of relevance and possible prejudice. *See Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 897 (6th Cir. 2004).

In this instance, Defendant's statement is not clearly inadmissible. Defendant relies on the corroboration doctrine[1] but fails to cite to any case where this doctrine resulted in exclusion under Rule 403. (*See* Def.'s Mot. Lim. 8; Pl.'s Resp. Def.'s Mot. Lim. 4, DN 62; Def.'s Reply Mot. Lim.

---

[1] "Rooted in English common law and embraced by the United States Supreme Court in the 1950s, the [corroboration] rule says that no one may be convicted of a crime based solely on his uncorroborated confession." *United States v. Brown*, 617 F.3d 857, 860 (6th Cir. 2010) (citation omitted).

9-10, DN 64). Still, Defendant argues that any probative value from his confession that he distributed methamphetamine is outweighed by undue prejudice because he did not, in fact, distribute methamphetamine. (Def.'s Mot. Lim. 1-2, 6). In essence, Defendant asks the Court to decide now that Defendant was not distributing methamphetamine—one of the charges for which Defendant was indicted. (Superseding Indictment 8, DN 26). That will be determined at trial, and Defendant may raise this objection then. *See United States v. Kaechele*, 466 F. Supp. 2d 868, 890 (E.D. Mich. 2006) ("Accordingly, the proper vehicle for raising the present challenge would be through a motion for judgment of acquittal under Fed. R. Crim. P. 29 at the close of the Government's proofs at trial, at which point the Court could determine under a complete record whether the Government's evidence as to Defendant's guilt rests impermissibly upon his own uncorroborated extrajudicial, post-offense statements. At the present juncture, the Court cannot yet make a determination as to the extent, if any, to which Defendant's statements might be independently corroborated, as it has not yet seen all of the evidence that the Government plans to offer in its case in chief.").

### III.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion in Limine (DN 56) is **DENIED**.

Greg N. Stivers, Judge
United States District Court
March 11, 2026

cc:  counsel of record